Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY SCHWARTZ-EARP, an individual, ) | Case No.: |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | |
| ADVANCED CALL CENTER ) | |
| TECHNOLOGIES, LLC, a limited liability ) | |
| company; and DOES 1 through 10, inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA") which places restrictions on the use of automated telephone equipment; and invasion of privacy.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff ASHLEY SCHWARTZ-EARP ("Plaintiff") is a natural person residing in the State of California, County of Alameda.

4. Defendant ADVANCED CALL CENTER TECHNOLOGIES, LLC ("ACCT") at all times relevant was a limited liability company doing business of collecting debts and calling consumers throughout the state of California and operating from an address at 1235 Westlakes Drive, Suite 160, Berwyn, PA 19312.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) and by the Rosenthal Act, California Civil Code 1788.2(c).

6. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

7. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

8. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

9. Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

10. The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV. FACTUAL ALLEGATIONS

11. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses."

12. At a time unkown, ACCT acquired information regarding an alleged credit card debt (the "Debt") that Plaintiff had incurred.

13. In or around January 2015, ACCT began calling Plaintiff's cell phone in an attempt to collect the Debt using an automated telephone dialing system and/or a pre-recorded or artificial voice to deliver a message.

14. On more than one occasion, ACCT called Plaintiff more than once on a single day. Defendant called and left several messages on Plaintiff's cell phone.

15. On more than one occasion, ACCT called Plaintiff more than once in an hour and approximately six times in a single day.

16. Plaintiff requested the calls to stop.

17. Despite Plaintiff's request to cease all communication, ACCT ignored Plaintiff's cease and desist request and continued to call.

18. The amount and frequency of the calls rose to the level of harassment.

19. As a result of the acts alleged above, Plaintiff suffered emotional distress.

//
//
//

## V. FIRST CLAIM FOR RELIEF

### (As against Defendants for Violation of the FDCPA)

20. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

21. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt;

    (b) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt; and

    (c) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt.

22. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## VI. SECOND CLAIM FOR RELIEF

### (**Against all Defendants for Violation of the Rosenthal Act**)

23. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

24. Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

    (b) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be

    unreasonable and to constitute a harassment to the Plaintiff under the circumstances;

  (c)  The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

25. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

26. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

27. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.  THIRD CLAIM FOR RELIEF

### (As against Defendants for Violation of the TCPA)

28. Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

29. Based on information and belief, Defendants made calls to Plaintiff's cell phone using an automatic telephone dialing system and/or an artificial or pre-recorded voice (including an automated dialing machine, dialer, and auto-dialer).

30. Defendants improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions. Defendants' violations include, but are not limited to, the following:

  (a)  By repeatedly making calls using an automatic telephone dialing system, to the Plaintiff's cell phone using an automated telephone dialing system without Plaintiff's express consent and to the expense of Plaintiff in violation of 47 U.S.C. §227(b)(1)(A)(iii).

31. As a result of the above violations of the TCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the TCPA, Plaintiff's actual damages, statutory damages of $500 for each call, and up to three times statutory damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

## VIII. FOURTH CLAIM FOR RELIEF

### (Invasion ofPrivacy: Intrusion Into Private Affairs)

32. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

33. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

34. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect the debt.

35. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

36. As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

37. Defendants acted with oppression and/or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitivedamages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against all Defendants for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a);

(c) Statutory damages of $500 per telephone call and additional $1,000 per call, pursuant to 47 U.S.C. §227(b)(3);

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c);

(e) Punitive damages; and

(f) For such other and further relief as the Court may deem just and proper.

Date: April 7, 2015         ___s/ Jeremy S. Golden_____
                            Jeremy S. Golden
                            Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands trial by jury in this action.

Date: April 7, 2015        _____s/ Jeremy S. Golden_____
                           Jeremy S. Golden
                           Attorney for Plaintiff