Jeremy S. Golden (SBN 228007)
Cory M. Teed (SBN 299780)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Tel: 619-476-0030; Fax: 775-743-0307
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY SCHWARTZ-EARP, | Case No.: 15-cv-01582-MEJ |
| Plaintiff | **Plaintiff Ashley Schwartz-Earp's Opposition to Defendant Advanced Call Center Technologies, LLC's Motion for Summary Judgment** |
| v. | |
| ADVANCED CALL CENTER TECHNOLOGIES, LLC, | Date: March 17, 2016 |
| Defendants. | Time: 10:00 a.m. |
| | Dept.: B |
| | The Hon. Maria-Elena James |

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STANDARD OF REVIEW | 1 |
| III. | STATEMENT OF FACTS | 2 |
| IV. | ARGUMENT | 4 |
| | A. The Majority of Courts Hold That Whether an Actionable Harassment Claim Exists Based on the Frequency of Debt Collection Calls is A Factual Issue for the Jury to Determine. ACT's' Motion for Summary Judgment Should be Denied as Genuine Issues of Material Fact Exist With Respect to ACT's Campaign of Excessive Phone Calls | 4 |
| | B. Material Facts Exist With Respect to ACT's Using Unfair or Unconscionable Means to Collect a Debt | 7 |
| | C. Triable Issues of Fact Exist Regarding ACT's Unconsented Calls to Ms. Schwartz-Earp | 7 |
| | D. Ninth Circuit Courts Recognize an Invasion of Privacy Claim Based on Excessive Debt Collection Calls. Ms. Schwartz-Earp Pleads Sufficient Facts for a Trier of Fact to Find that ACT Invaded Her Privacy With its One Hundred and Thirty-Four Calls Placed Within A Thirty-Seven Day Period | 9 |
| V. | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Adamcik v. Credit Control Services, Inc.,
 832 F.Supp.2d 744 (W.D.Tex. Dec. 19, 2011)..............................................8

Akalwadi v. Risk Management Alternatives, Inc.,
 336 F.Supp.2d 492 (D. Maryland 2004)...................................................5, 6

Associated Press v. United States,
 326 U.S. 1 (1945)...................................................................................1, 2

Beal v. Wyndham Vacation Resorts, Inc.,
 956 F.Supp.2d 962 (W.D. Wisc. June 20, 2013)...........................................8

Brown v. Hosto & Buchan, PLLC,
 748 F.Supp.2d 847 (W.D. Tenn., Nov., 2, 2010)..........................................6

Clark v. Quick Collect, Inc.,
 2005 WL 1586862 (D.Or.2005).................................................................6

Deteresa v. Am. Broad.Cos., Inc.,
 121 F.3d 460 (9th Cir.1997)..................................................................9, 10

Eisenberg v. Insurance Co. of North America,
 815 F.2d 1285 (9th Cir.1987).....................................................................1

Fashakin v. Nextel Communications,
 2009 WL 790350 (E.D.N.Y. March 25, 2009).........................................5, 7

Fausto v. Credigy Services Corp.,
 598 F. Supp. 2d 1049 (N.D. Cal. 2009)..................................................9, 10

Gager v. Dell Financial Services, LLC,
 727 F.3d 265 (3rd Cir. 2013).......................................................................8

Gutierrez v. Barclays Group,
 2011 WL 579238 (S.D.Cal.Feb. 9, 2011)....................................................8

Holland v. Bureau of Collection Recovery,
    801 F.Supp.2d 1340 (M.D. Fl. 2011)..........................................................5, 6
Hosseinzadeh v. M.R.S. Associates, Inc.,
    387 F.Supp.2d 1104 (C.D. Cal. 2005)..............................................................5
In re Coffey's Case,
    157 N.H. 156, (2008)........................................................................................6
Jeter v. Credit Bureau, Inc.,
    760 F.2d 1168 (11th Cir.1985)....................................................................4, 5
Joseph v. J.J. Mac Intyre Companies, LLC,
    238 F.Supp.2d 1158 (N.D. Cal. 2002)........................................4, 5, 6, 9, 10
Kavalin v. Global Credit & Collection Corp.,
    2011 WL 1260210 (W.D.N.Y. 2011).............................................................5
Kerwin v. Remittance Assistance Corp.,
    559 F.Supp.2d 1117 (D. Nev. 2008)...........................................................5, 6
Krapf v. Nationwide Credit, Inc.,
    2010 WL 2025323 (C.D. Cal. 2010)...............................................................6
Kuhn v. Account Control Tech., Inc.,
    865 F.Supp. 1443 (D. Nev.1994).....................................................................6
Meadows v. Franklin Collection Service,
    414 Fed.Appx. 230 (11th Cir.2011)............................................................5, 6
Nationwide Life Ins. Co. v. Bankers Leasing Ass'n,
    183 F.3d 157 (2nd Cir. 1999)..........................................................................2
Osorio v. State Farm Bank, FSB,
    746 F.3d 1242 (11th Cir. 2014).......................................................................8
Panahiasl v. Gurney,
    No. 04-04479 JF, 2007 WL 738642 (N.D. Cal. Mar. 8, 2007)......................9
Prewitt v. Wolpoff& Abramson, LLP,
    2007 WL 841778 (W.D.N.Y. 2007)................................................................6

Reardon v. Uber Technologies, Inc.,
    2015 WL 4451209 (N.D.Cal. July 19, 2015)..................................................8
Robbins v. Coca-Cola-Company,
    2013 WL 2252646 (S.D. Cal. May 22, 2013)..................................................7
Rucker v. Nationwide Credit, Inc.,
    2011 WL 25300 (E.D.Cal. Jan. 5, 2011)........................................................6
Sanchez v. Client Servs.,
    520 F.Supp.2d 1149 (N.D. Cal. 2007)............................................................5
T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n.,
    809 F.2d 626 (9th Cir.1987)............................................................................1
United States v. Central Adjustment Bureau, Inc.,
    667 F.Supp. 370 (N.D.Tex.1986), aff'd, 823 F.2d 880 (5th Cir.1987)........5, 6
Valentine v. Brock & Scott, PLLC,
    2010 WL 1727681 (D.S.C.2010)....................................................................6

**STATUTES**

Cal. Civ. Code §1788.11(d)...........................................................................4, 6, 7
Cal. Civ. Code §1788.11(e)...........................................................................4, 6, 7
Cal. Civ. Code §1788.17......................................................................................6
15 U.S.C. § 1692d....................................................................................4, 5, 6, 7
15 U.S.C. § 1692f.................................................................................................7

**FEDERAL RULES**

Fed. R. Civ. P. 56(c)............................................................................................1

## I. INTRODUCTION

Plaintiff Ashley Schwartz-Earp filed suit against Defendant Advanced Call Center Technologies, LLC ("ACT") for violations of the Federal Fair Debt Collections Practices Act ("FDCPA"), the California Rosenthal Fair Debt Collections Practices Act, the Telephone Consumer Protection Act ("TCPA"), and for invasion of privacy.

It is undisputed that at least 134 debt collection calls were made in a thirty-seven day time period. Defendant's present motion should be denied in its entirety as the evidence shows and a vast body of case-law holds that calls placed with that frequency violate the FDCPA and Rosenthal Act. Moreover, triable issues of fact exist as to whether Defendant made calls with an autodialer without Ms. Schwartz-Earp's express consent to receive such calls. As material issues of fact exist, Ms. Schwartz-Earp respectfully requests that the Court deny ACT's Motion for Summary Judgment and/or Adjudication for all claims.

## II. STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n., 809 F.2d 626, 630 (9th Cir.1987).

Moreover, if the non-moving party adduces direct evidence of a genuine issue of fact, such evidence is not to be weighed against the moving party's conflicting evidence, but rather is to be submitted to the trier of fact for resolution. Eisenberg v. Insurance Co. of North America, 815 F.2d 1285, 1289 (9th Cir.1987) quoting T.W. Electrical Serv., Inc., 809 F.2d at 630-631.

"Rule 56 should be cautiously invoked to the end that parties may always be afforded a

trial where there is a bona fide dispute of facts between them. [Citation]."<u>Associated Press v. United States</u>, 326 U.S. 1, 6 (1945). "[S]ummary judgment is a 'drastic device, since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury.' Accordingly, the moving party bears a heavy burden of demonstrating the absence of any material issues of fact. Moreover, in reviewing a Rule 56 motion, a district court must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion. If, in this generous light, a material issue is found to exist, summary judgment is improper, and the case must proceed to trial. [Citation]" <u>Nationwide Life Ins. Co. v. Bankers Leasing Ass'n</u>, 183 F.3d 157, 160 (2nd Cir. 1999).

### III. STATEMENT OF FACTS

Defendant Advanced Call Center Technologies began placing collection calls to Ms. Schwartz-Earp's cell phone on January 17, 2015. (<u>Schwartz-Earp Declaration</u> at ¶3.) In 2015, ACT started a campgain of collection calls for payments. (<u>Id</u>. at ¶4.) Over the course of thirty-seven days (37), Ms. Schwartz-Earp received approximately one hundred and thirty-six (136) calls from ACT. (<u>Id</u>.) ACT often called her on a daily basis, frequently five times a day on several occasions. (<u>Id</u>. at ¶5.) ACT agrees that at least 134 calls were placed in this time period. <u>Call Log</u> (<u>Keller Decl</u>. at Exhibit 3). However, the call logs indicate 136 calls were made. (<u>Id</u>.) Nevertheless it is undisputed that at least 134 calls were made. (<u>Schwartz-Earp Declaration</u> at ¶4.)

Ms. Schwartz-Earp did not provide express consent to receive collection calls from ACT's automated dialing system. (<u>Id</u>. at ¶6.) She provided her cell phone number strictly for informational purposes in filling out the JCPenney application. (<u>Id</u>.) No one informed Ms. Schwartz-Earp at the time she applied for a card that providing her cell phone number would result in receiving automated collection calls from JCPenney or ACT. (<u>Id</u>.) If told that providing her cell phone number would have resulted in receiving phone calls from the creditor or third parties, Ms. Schwartz-Earp would not have provided her cell phone number while filling out the application. (<u>Id</u>.)

On February 13, 2015, ACT called Ms. Schwartz-Earp at her cell number. (<u>Id</u>. at ¶7.)

She informed ACT of the harassing nature of the phone calls. (Id.) She asked ACT's agent who to talk about receiving the excessive amount of calls as Ms. Schwartz-Earp did not want any further calls to her number. (Id.) She had been receiving a high volume of calls from ACT and did not want them calling her as the calls were a source of great stress, frustration, and annoyance. (Id.)

Ms. Schwartz-Earp made it clear that the calls were harassing. (Id.) ACT informed her that there is nothing it could do to stop the calls. (Id.) Calls continued after this discussion as she was told there was nothing shecould do to stop the calls. (Id.) In that discussion Ms. Schwartz-Earp did answer "mm-hmm" to a question as to whether she would agree to be called by an autodialer. This statement was only made after she was told "there's nothing that we can do to stop the calls." (Id.) Moreover, this statement was only made after she had received one hundred and nineteen (119) calls from January 17th to February 13th. Call Log (Keller Decl. at Exhibit 3).

During ACT's calls, Ms. Schwartz-Earp would answer and a live agent would not pick up the line until after a brief moment following her answering the phone. (Schwartz-Earp Declaration at ¶8.) Several calls Ms. Schwartz would answer and a live agent would not pick up the line for a short period of timefollowing her answering the phone and she would eventually end the phone call. (Id.) She was receiving calls placed by an automated dialing system. (Id.) ACT confirmed its use of an automated dialing system in a call placed to her cell phone on February 13, 2015. (Id. at ¶9.) Ms. Schwartz-Earp felt she was being harassed and the calls were invading her personal and work life. (Id.) She wanted the calls to stop and further warned ACT's representative that its activities violated federal laws. (Id.)

ACT continued calling Ms. Schwartz-Earp after February 13, 2015. (Id. at ¶10.) She eventually retained counsel to address ACT's continued calls. (Id. at ¶11.)

//
//
//
//

## IV. ARGUMENT

**A. The Majority of Courts Hold That Whether an Actionable Harassment Claim Exists Based on the Frequency of Debt Collection Calls is A Factual Issue for the Jury to Determine. ACT's Motion for Summary Judgment Should be Denied as Genuine Issues of Material Fact Exist With Respect to ACT's Campaign of Excessive Phone Calls.**

Ms. Schwartz-Earp alleged a violation of Section 1692d which prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any debt." 15 U.S.C. § 1692d. She further alleged a violation of Section 1692d(5) which prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).

"The Rosenthal Act prohibits 'causing a telephone to ring repeatedly or continuously to annoy the person called,' and 'communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.'" Joseph v. J.J. Mac Intyre Companies, LLC, 238 F.Supp.2d 1158, 1167-68 (N.D. Cal. 2002), quoting Cal. Civ. Code §§1788.11(d)&(e). "The FDCPA likewise prohibits 'causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.'" Id. at 1168, quoting 15 U.S.C. §1692d(5).

As in the present case, the Joseph plaintiff also alleged violations of the FDCPA (15 U.S.C. §1692d(5)) and the California Rosenthal Act (Cal. Civ. Code §§1788.11(d)&(e)). Id. at 1167. "Moreover, claims under the FDCPA are evaluated under a least sophisticated consumer standard. Id. at 1168, quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir.1985) ("[W]e hold that claims under §1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse.").

Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls. Id. at 1168. The Joseph court later held that genuine issues of material fact existed with an excessive number of phone calls that may constitute a pattern of harassment. Joseph v. J.J. Mac Intyre Companies, LLC, 281 F.Supp.2d 1156, 1164-65 (N.D. Cal. 2003). Specifically, Joseph dealt with seventy-five (75) calls made to the plaintiff's residence within the statutory period. Id. at 1164. In addition to the Joseph opinions, triable issues of fact regarding an alleged violation of 15 U.S.C. §1692d precluded summary judgment in a case involving six messages left for the plaintiff debtor over a twenty-day period. Hosseinzadeh v. M.R.S. Associates, Inc., 387 F.Supp.2d 1104, 1107-10 (C.D. Cal. 2005).

Calling numerous times in the same day or multiple times in a short period of time constitutes harassment under the FDCPA. See, e.g. Akalwadi v. Risk Management Alternatives, Inc., 336 F.Supp.2d 492, 506 (D. Maryland 2004) (holding the reasonableness of telephone calls made on a daily basis and three telephone calls being made within five hours on the same day was a question of fact for the jury and denying summary judgment.); see also United States v. Central Adjustment Bureau, Inc., 667 F.Supp. 370, 376 (N.D.Tex.1986), aff'd, 823 F.2d 880 (5th Cir.1987) (finding harassment where debt collector made as many as four or five telephone calls to the same debtor in one day.); and Fashakin v. Nextel Communications, 2009 WL 790350, at *7 (E.D.N.Y. March 25, 2009) (finding six calls in seven-day period where some went unanswered, or no message was left, was sufficient enough to constitute harassing behavior).

A multitude of jurisdictions further consistently hold that the "[i]ntent to annoy, abuse, or harass **may be inferred** from the frequency of phone calls [or] the substance of the phone calls." Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1124 (D. Nev. 2008) (emphasis added); Sanchez v. Client Servs., 520 F.Supp.2d 1149, 1161 (N.D. Cal. 2007); Holland v. Bureau of Collection Recovery, 801 F.Supp.2d 1340, 1342-43 (M.D. Fl. 2011) quoting Meadows v. Franklin Collection Service, 414 Fed.Appx. 230 (11th Cir.2011), Kavalin v. Global Credit & Collection Corp., 2011 WL 1260210, at *4 (W.D.N.Y. 2011),

Rucker v. Nationwide Credit, Inc., 2011 WL 25300, at *2 (E.D.Cal. Jan. 5, 2011) and Clark v. Quick Collect, Inc., 2005 WL 1586862, at *4 (D.Or.2005); and In re Coffey's Case, 157 N.H. 156, 178 (2008).

"[T]he majority of courts throughout the nation recognize that whether the nature and frequency of debt collection calls constitutes harassment is also a fact issue for the jury." Holland, 801 F.Supp.2d at 1343 (emphasis added), quoting Meadows, 414 Fed.Appx. 230; Akalwadi, 336 F.Supp.2d at 506; Joseph, 238 F.Supp.2d at 1168; Kuhn v. Account Control Tech., Inc., 865 F.Supp. 1443, 1453 (D. Nev.1994); Central Adjustment Bureau, Inc., 667 F.Supp. at 376; Brown v. Hosto & Buchan, PLLC, 748 F.Supp.2d 847, 852 (W.D.Tenn., Nov., 2, 2010); Rucker, 2011 WL 25300, at *2; Valentine v. Brock & Scott, PLLC, 2010 WL 1727681, at *4 (D.S.C.2010); Krapf v. Nationwide Credit, Inc., 2010 WL 2025323, at *3-4 (C.D.Cal. 2010); Kerwin v. Remittance Assistance Corp., 559 F.Supp.2d 1117, 1124 (D.Nev. 2008); and Prewitt v. Wolpoff& Abramson, LLP, 2007 WL 841778, at *3 (W.D.N.Y. 2007).

Call frequency can thus be deemed evidence of the intent to annoy, abuse, or harass a debtor under the FDCPA and Rosenthal Act. Here, ACT's excessive amount of calls resulted in exactly what it aimed to achieve, that being to cause a telephone to ring repeatedlyfor the collection of a debt. The excessive amountof calls placed here cannot be reconciled with the cases cited by ACT. In fact, the amount of calls in this case greatly exceeds the amount in other cases where the courts held a triable issue of fact exists as to harassment. ACT admits to calling Plaintiff **one hundred and thirty-four (134) times overa thirty-seven(37) day period.** Defendant's SSUF at ¶12, emphasis added. ACT further admitted to placing multiple calls within a single day, up to five times a day on occasion, and calling Ms. Schwartz-Earp on continual days. Call Log attached as Exhibit 3 to Keller Declaration. The evidence supports a finding against ACT for violating 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), and Cal. Civ. Code §§1788.11(d) & (e).

Civ. Code §1788.17 of the Rosenthal Act incorporates by reference the provisions of the FDCPA. Thus a violation of the FDCPA would constitue a violation of the Rosenthal

Act. As demonstrated, Defendant violated 15 U.S.C. §§1692, 1692d(5) and 1692f. These are ipso facto violations of the Rosenthal Act. Summary judgement should be denied.

### B. Material Facts Exist With Respect to ACT's Using Unfair or Unconscionable Means to Collect a Debt.

As stated above, the Rosenthal Act prohibits "communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances." Cal. Civ. Code §§1788.11(e). 15 U.S.C. § 1692(f) prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect a debt. ACT's excessive amount of calls resulted in the unfair and harassing attempt to collect a debt from Ms. Schwartz-Earp. Based on the discussion above, a trier of fact can find that ACT utilized unfair or unconscionable means in collecting the debt from Ms. Schwartz-Earp.

As discussed at length above, the determination of whether the collector's calls constituted harassment was an issue for the jury. Id. Moreover, unanswered calls may constitute harassment. See Fashakin, 2009 WL 790350, at *7. ACT's Motion for Summary Judgment should be dismissed accordingly.

### C. Triable Issues of Fact Exist Regarding ACT's Unconsented Calls to Ms. Schwartz-Earp.

Contrary to ACT's interpretation of Ms. Schwartz-Earp's claims, Ms. Schwartz-Earp alleges that ACT used an automated dialer to call "without Plaintiff's express consent" in violation of the TCPA. Express consent is not an element of a plaintiff's TCPA case, but rather is an affirmative defense for which the defendant bears the burden of proof." Robbins v. Coca-Cola-Company (S.D. Cal. May 22, 2013) 2013 WL 2252646, at *2. "Thus, to plead a TCPA claim, Plaintiffs need only allege two elements: (1) a call to a cellular telephone; (2) via an ATDS." Id. Issues regarding consent and/or revocation are thus not essential elements of a TCPA claim and need not be pled. See Id.

Here, Ms. Schwartz-Earp never provided express consent to receive collection calls from ACT's automated dialing system. She provided her cell phone number strictly for

informational purposes in filling out the JCPenney application. No one informed Ms. Schwartz-Earp that providing her cell phone number would result in receiving automated collection calls from JCPenney or ACT. If told that providing her cell phone number would have resulted in receiving phone calls from the creditor or third parties, Ms. Schwartz-Earp would not have provided her cell phone number while filling out the application.

Thus, all the calls made from January 17, 2015 to February 13, 2015 were done without any indicatation she would be called with an automatic dialer.

Moreover, the TCPA allows consumers to revoke their prior express consent to automated calls; they may do so orally or in writing. Osorio v. State Farm Bank, FSB (11th Cir. 2014) 746 F.3d 1242, 1255-1256 (denying summary judgment where plaintiff alleged that he twice told State Farm to "stop calling" him; Gager v. Dell Financial Services, LLC (3rd Cir. 2013) 727 F.3d 265, 271; Reardon v. Uber Technologies, Inc. (N.D.Cal. July 19, 2015) 2015 WL 4451209, at *10, citing In re Rules and Regulations Implementing theTCPA of 1991, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, ¶¶55, 64 (released Jul. 10, 2015); Beal v. Wyndham Vacation Resorts, Inc.(W.D.Wisc.June 20, 2013) 956 F.Supp.2d 962, 977; Gutierrez v. Barclays Group (S.D.Cal.Feb. 9, 2011) 2011 WL 579238, *3-4 and Adamcik v. Credit Control Services, Inc. (W.D.Tex. Dec. 19, 2011) 832 F.Supp.2d 744, 749-753.)

Here, a triable issue of fact exists as to the alleged consent to Defendant's automated calls as of February 13, 2015. (Transcript of February 13, 2015 Call at 3:15-25 (*Lambie Decl.* at Exhibit 2.) In this call Ms. Schwartz-Earp did respond "mm-hmm" to a question as to whether she would agree to be contacted by an autodialer. This response only came after she was told there was nothing she could do to stop the calls. Ms. Schwartz-Earp engaged in the following exchange with one of ACT's collection agents:

| | |
|---|---|
| MS. SCHWARTZ-EARP: | And who do I talk to about – who do I talk about being called six times a day? |
| AGENT: | Um, this – this payment will actually stop the calls until, um, until the – |

| | | |
|---|---|---|
| MS. SCHWARTZ-EARP: | | I'm worried about – at this point, it has become harassment. I have been harassed for quite a while. Legally it has become harassment. |
| AGENT: | | Okay, and I'm sorry – I'm sorry that you feel that way. Um, you know, [unintelligible] procedures we're following, you know, strict guidelines. Um, our automatic dialer actually keeps trying to keep track of everything. Um, and all the calls that are made – so after the, you know, allotted amount, it does stop, um, sending out the calls to you for the day. Um, you know unfortunately, until payments are scheduled through our system, you know, there's nothing that we can do to stop the calls. |

ACT however continued its automated calls. (Schwartz-Earp Declaration at ¶10). Based on the foregoing, triable issues of fact remain to determine whether a borrower cosents to automated telephone calls when they tell the collector the calls are harassing and the collector says there is nothing they can do to stop the calls. Summary judgment is not proper.

**D. Ninth Circuit Courts Recognize an Invasion of Privacy Claim Based on Excessive Debt Collection Calls. Ms. Schwartz-Earp Pleads Sufficient Facts for a Trier of Fact to Find that ACT Invaded Her Privacy With its One Hundred and Thirty-Four Calls Placed Within A Thirty-Seven Day Period.**

"In California, '[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.'" Fausto v. Credigy Services Corp., 598 F. Supp. 2d 1049, 1056 (N.D. Cal. 2009) quoting Deteresa v. Am. Broad.Cos., Inc., 121 F.3d 460, 465 (9th Cir.1997).

"Courts have held that 'repeated and continuous calls in an attempt to collect a debt give rise to a claim for intrusion upon seclusion.'" Fausto, 598 F. Supp. 2d at 1056, quoting Panahiasl v. Gurney, No. 04-04479 JF, 2007 WL 738642, at *3(N.D. Cal. Mar. 8, 2007); and Joseph, 238 F. Supp. 2d at 1169-1170 . The Joseph court denied summary judgment in part because "genuine issues of material fact remain[ed] regarding Plaintiff's FDCPA and

Rosenthal Act claims." Joseph, 281 F.Supp.2d at 1165. The Joseph court found triable issues of fact as to whether a plaintiff's privacy was invaded by a debt collector, where the debt collector made 200 repeated calls over a nineteen month period. Joseph, 238 F. Supp. 2d at 1169. The Fausto case dealt with *inter alia* ninety (90) calls to the plaintiffs' home. Fausto, 598 F. Supp. 2d at 1056.

The basis for ACT's Motion is that it believes its manner was not highly offensive to a reasonable person. Defendant's Points and Authorities at 10:25-26. As the Ninth Circuit Court of Appeals noted in Deteresa, whether conduct is highly offensive to a reasonable person is a determination to be made by a jury. Deteresa, 121 F.3d at 465.

As shown above, ACT admittedly called Ms. Schwartz-Earp at least one hundred and thirty-four (134) times over a thirty-seven day period; placed multiple calls within a single day, up to five times a day on occasion; and called Ms. Schwartz-Earp on continual days. Defendant's SSUF at ¶12. These calls continued after Ms. Schwartz-Earp identified them to Defendant as harassment.

As such, genuine issues of material fact exist with respect to whether Ms. Schwartz-Earp's privacy was invaded. Summary judgment should therefore be denied.

## V. CONCLUSION

A multitude of courts consistently hold that an excessive amount of collection calls may constitute violations of the FDCPA, Rosenthal Act, and result in an invasion of privacy. ACT admitted to placing one hundred and thirty-four calls to Ms. Schwartz-Earp over a thrity-seven day period. Further, ACCT placed automated calls to Ms. Schwartz-Earp without her prior express consent in violation of the TCPA. Ultimately, genuine issues of material fact exist with respect to whether ACT's collection activity was unlawful. Based on the foregoing, Ms. Schwartz-Earp respectfully requests the Court deny ACT's motion for summary judgment and/or adjudication in its entirety.

Date: 2/25/16

_____
Cory M. Teed
Attorney for Plaintiff